STEVEN L. DERBY, Esq. (SBN 148372)
CELIA MCGUINNESS, Esq. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
SANDRA MURCHISON

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MURCHISON,<br><br>    Plaintiff,<br><br>v.<br><br>WIND & SEA RESTAURANTS, INC. dba HARPOON HENRY'S SEAFOOD RESTAURANT and DOES 1 through 11 and 12-20, Inclusive,<br><br>    Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a),** *et seq.***]**<br><br>2. **Denial of Full and Equal Access [Cal. Civil Code §§ 54 And 54.1]**<br><br>3. **Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.    Sandra Murchison ("Plaintiff"), as a person with disabilities, has suffered from discrimination by being unable to patronize Harpoon Henry's Seafood Restaurant shop located at 34555 Golden Lantern Street in Dana Point, California. (the "Restaurant"). Defendants and/or their employees and agents discriminated against Plaintiff by failing to provide accessible buildings, facilities and public accommodations, and failing to modify their policies, practices and procedures to make the Restaurant accessible to and useable by persons with mobility disabilities.

2. Plaintiff brings this lawsuit to enforce her rights under the Americans with Disabilities Act and supplementary California laws. She seeks an order requiring Defendants to provide accessible facilities and buildings and to adopt, maintain and enforce policies, practices and procedures that make the Restaurant accessible to Plaintiff and other similarly situated people with disabilities. Plaintiff also seeks damages, attorneys' fees, costs and litigation expenses.

## JURISDICTION

3. This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

4. The Judicial District of the United States District Court for the Central District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## VENUE

5. Venue in the Judicial District of the United States District Court for the Central District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City of Dana Point, California.

## THE PARTIES

6. At all times herein relevant, Plaintiff was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l). She suffers from mobility impairments that require her to use a scooter and accessible van. Plaintiff's condition affects the following body systems: Neurological, musculoskeletal, and/or cardiovascular. Plaintiff's physical impairment substantially limits major life activities, including standing and walking. Plaintiff cannot perform these activities in the same manner, speed and duration as the average person. Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment.

7. Defendant WIND & SEA RESTAURANTS dba HARPOON HENRY'S SEAFOOD RESTAURANT is, and at all times mentioned herein was, a business entity existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and based thereon alleges, that the above-named Defendant is the owner(s) and/or operator(s) of the Restaurant. Plaintiff is informed, believes and based thereon alleges that Defendant is and at all times mentioned herein was the owner(s) of the real property on which the Restaurant is located.

8. On information and belief, at relevant times Defendants DOES 1 through 10 were or are owners or co-owners of an interest in or to the Restaurant and Defendants DOES 12-20 were or are owners of an interest in the real property on which the Restaurant is located.

9. Defendants, and each of them, are the owners, operators, lessees and/or lessors of the Restaurant as a public accommodation open to the public under the laws of the United States and the State of California. They each operate as a business establishment under the laws of the State of California because they each provide goods, services and facilities in exchange for money.

10. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein to each of the remaining Defendants.

**STATEMENT OF FACTS**

11. On October 19, 2019, while visiting a friend nearby stopped at and attempted to dine at the Restaurant. During her patronage on this occasion, Plaintiff encountered a number of access barriers while attempting to use the designated women's restroom including, but not limited to, a door she had difficulty opening, a door stop that prevented her from pushing the door open with her scooter, insufficient and misplaced grab bars, insufficient turnaround space and clearance in and around the toilet, etc.

12. Plaintiff desires to be able to return to the Restaurant again but will not do so because of the numerous inaccessible conditions and/or discriminatory policies thereat.

13. These conditions observed by Plaintiff as well as those of which she pleads exist on information and belief, constitute deviations from the most basic access standards as set forth in the Americans with Disabilities Act and State law. Public accommodations and businesses such as the Restaurant are required to provide accessible features and to adopt policies and practices that do not discriminate against people with disabilities as set forth below.

14. Plaintiff has been frustrated and extremely upset due to Defendants' insensitive and illegal conduct. Plaintiff experienced embarrassment, frustration, difficulty and other kinds of distress because of the failure of the Restaurant to provide and maintain access to a feature that is required to be accessible, all to Plaintiff's general damages in an amount according to proof.

15. Based upon the conduct alleged above, Plaintiff is informed and believes that Defendants' behavior is intentional, and that it maintains discriminatory policies and practices in conscious disregard of the civil rights of Plaintiff and others similarly situated.

**FIRST CLAIM
AGAINST DEFENDANTS
(For Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990)**

16. Based on the facts and allegations pled in Paragraphs 1 through 16 above (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA. Plaintiff alleges that each Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section 12181(7). The condition of the Restaurant and/or the manner in which Defendants provided services failed to provide full and equal access to Defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a) and 12182(b)(1)(A). As set forth in this Complaint, Plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. sections 12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 12182(b)(2)(A)(iii); 12183 and 12188 because Plaintiff

was denied equal access to and enjoyment of the Restaurant. Plaintiff decided to dine at the restaurant again on November 25, 2019. Knowing she could not access the restroom, she had to assure herself she would not have a need to relieve herself before arriving.

17. Plaintiff has physical disabilities as alleged in Paragraph 6 above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular. Further, Plaintiff's physical impairments substantially limit major life activities; including standing and walking. Plaintiff cannot perform the above-noted major life activities in the manner, speed and duration when compared to the average person. Moreover, Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

18. One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. section 12182(b)(2)(A)(iv). That section prohibits, in pertinent part: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

19. Plaintiff alleges that the removal of each of the specific barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 CFR Part 36).

20. The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

21. Additionally, Defendants have conspicuously failed to obey the provisions of section 36.211 of 28 CFR 36 that requires public accommodations to maintain features that are required to be accessible including but not limited to the door to the women's restroom.

22. Plaintiff is further informed, believes and thereon alleges that the door to the women's restroom has not been properly maintained to assure compliance with access

requirements including but not limited to push pressure and closing speed and will not be able to remain in compliance absent a program of regular inspection and maintenance on an on-going basis.

23. Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered the Restaurant on or after January 26, 1992, in a manner that affects the usability and accessibility of the Restaurant. The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations. In this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described herein prohibits:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. section 12183(a)(2). As enforceable at the time of the incidents alleged herein, section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a) General.
>
> (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
>
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> (1) Alterations include, but are not limited to, remodeling, renovation,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

>rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
>
>>(2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

>(a) General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

>(e) Path of Travel. (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.
>
>(2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.
>
>(3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

24. Based on the facts and allegations pled at Paragraphs 1 through 23 above, and the facts elsewhere in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to discontinue business at the Restaurant or: (i) remove architectural and other barriers at Defendants' property and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is

a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to regularly patronize Defendants' place of business but is deterred from doing so because of the barriers set forth herein. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including a paid monitor, is necessary to assure that Defendants comply with the applicable requirements of the ADA. Other access barriers may exist at the Restaurant. Plaintiff will seek leave to amend this Complaint after a site survey of the premises by his access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

**SECOND CLAIM**
**AGAINST DEFENDANTS**
**(For Denial of Full and Equal Access in Violation of**
**California Civil Code Sections 54 and 54.1)**

25. Based on the facts and allegations pled in Paragraphs 1 through 24 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights under sections 54 and 54.1 of the California Civil Code. At all times relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places.

26. Section 54(a) of the California Civil Code states that individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

27. Plaintiff is an individual with a disability as defined in California Government Code section 12926.

28. California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which

the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

29. Each violation of the Americans with Disabilities Act of 1990 constitutes a violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages pursuant to California law. Plaintiff alleges that he has been denied such full and equal access as required by California law which incorporates Title III of the ADA.

30. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

31. The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Restaurant and the goods and services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**THIRD CLAIM**
**AGAINST DEFENDANTS**
**(For Violation of Section 51 of the California Civil Code)**

32. At all times relevant to this action, section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities. Based on the facts and allegations pled at Paragraphs 1 through 31 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights under section 51 of the California Civil Code.

33. Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

34. California Civil Code section 51(b) provides, in pertinent part:

(b) All persons within the jurisdiction of this state are free and equal, and no matter

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

35. Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

36. Section 52(a) of the California Civil Code provides as follows:

(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

37. The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent (and in some cases absolute) barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiff's rights. Parties who own and/or operate Restaurants are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA. Defendants intentionally allowed the barriers complained of herein to remain at the Restaurant and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages resulted from Defendants' intentional acts and omissions.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

## **PRAYER FOR RELIEF**

A. For injunctive relief pursuant to 42 U.S.C. section 12188 and section 52 of the California Civil Code. Plaintiff requests that this Court enjoin Defendants from continuing to do business at the Restaurant prior to removing all architectural and policy barriers and otherwise complying with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make the Restaurant fully accessible to people with disabilities, all in compliance with the standards set forth in the ADAAG and the CBC. Plaintiff does not request any injunctive relief pursuant to section 55 of the California Civil Code or section

1. 19953 of the California Health & Safety Code;

B. For general and special damages pursuant to California Civil Code sections 52, 54.3, 3281 and 3333, and/or under common law;

C. For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

D. In the alternative to the damages pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

E. For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

F. For such other further relief as the Court deems proper.

Date: December 27, 2019            DERBY, McGUINNESS & GOLDSMITH, LLP

                                            */s/ Steven L. Derby*
                                   By Steven L. Derby, Esq.
                                   Attorneys for Plaintiff
                                   SANDRA MURCHISON

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: December 27, 2019            DERBY, McGUINNESS & GOLDSMITH, LLP

                                            */s/ Steven L. Derby*
                                   By Steven L. Derby, Esq.
                                   Attorneys for Plaintiff
                                   SANDRA MURCHISON